**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 08-4544**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

SHANNON HAY,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap.  James P. Jones, Chief District Judge.  (2:05-cr-00015-JPJ-PMS-1)

———————

Submitted:  March 17, 2009        Decided:  March 19, 2009

———————

Before TRAXLER, KING, and AGEE, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Larry W. Shelton, Federal Public Defender, Nancy C. Dickenson, Assistant Federal Public Defender, Christine Madeleine Spurell, Research and Writing Attorney, Abingdon, Virginia, for Appellant. Julia C. Dudley, Acting United States Attorney, Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shannon Hay appeals from the eighteen-month sentence imposed after he was found in violation of the terms and conditions of his supervised release. Finding no error, we affirm.

Hay received a sentence of eighteen months, at the lowest end of the 18 to 24 month Sentencing Guidelines range, after he was found to have sold narcotics to a confidential informant. Hay argues that the court gave an insufficient statement of reasons for the sentence and should have imposed a sentence below the Guidelines range. This court will affirm a sentence imposed following revocation of supervised release if it is within the prescribed statutory range and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437-39 (4th Cir. 2006).

The court correctly calculated the Guidelines range. Upon a finding of a Grade A violation, and criminal history category of II, the range was 18-24 months. Implicit from the record is the district court's consideration of the 18 U.S.C. § 3553(a) (2006) factors. See United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006) (court need not "robotically tick through § 3553(a)'s every subsection."). Both parties argued for the sentence they deemed appropriate. Because there was no procedural or substantive error, Hay's sentence, which was at

2

the bottom of the calculated range was not plainly unreasonable. Therefore the district court did not abuse its discretion in imposing the sentence.

Accordingly, we affirm the judgment. We deny Hay's counsel's motion to withdraw as counsel and to substitute counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED